To the Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye and give their attention, for the Court is now sitting. Class A of the United States and this Honorable Court. Thank you. Please be seated. Mr. Patel, when you're ready, let me just say to you briefly, we haven't denied your consent motion or anything. We haven't ruled on it. We just wanted to give you and your opposing counsel a brief time to explain your position. I don't think it's going to take a long time in light of the papers that you filed. And then just have the panel ask questions of you if they have them. But why don't you just briefly state what your position is. It's fine if you want to reflect the joint motion. Okay. Okay. Thank you, Your Honor. The emphasis in this case is brief. Yes. Yes, Your Honor. Yeah, I'm happy that we have agreement here that the district court erred on the denial of the Rahafe claim. And we agree that the district court erred for two reasons. Because the district court found that Rahafe doesn't even apply to felon in possession offenses, which is clearly wrong. And we also agree that Rahafe is retroactive. The district court found that the Supreme Court itself has to make it retroactive. But this court has clearly said that that's not the case with initial 2055 petitions. And we agree that it is retroactive because it's substantive, because it's a narrowing interpretation of a statute. And, therefore, we ask that the court remand this case so that the district court can conduct a merits analysis that it has yet to do, exactly like the Fifth and Sixth Circuit have done after finding Rahafe retroactive. If the court doesn't have any further questions, I'll sit down, Your Honor. You've had a pretty good week, haven't you? Had the same thing happen another panel had this week. Yes, Your Honor. Pretty good week. Thank you. I don't think we have any questions, Judge Wilkinson. So the remand would be conducted under the Supreme Court's decision in Greer, as I understand the motion to indicate? Yes, Your Honor, yes. My client, Mr. Waters, didn't have that opportunity. He asserted a Rahafe claim and then asked for counsel so he could further develop the claim, and it was just summarily denied a week later. So he hasn't had that opportunity yet. And you want the chance to argue that under Greer? Yes, Your Honor. All right, thank you very much. I'm going to ask my colleagues if they have any questions of you. I don't think we have any questions, Judge Wilkinson. Thank you. All right, we thank you. It's probably the longest argument you've ever had. Thank you very much. All right, Mr. Garner, what say you? Thank you, and may it please the Court, as the government conceded in its response brief, it is the government's position that Rahafe announce a new substantive rule that applies retroactive to initial claims on 2255. It's the government's position that the district court erred in holding otherwise, and that this case should be remanded for further proceedings. I'd be happy to answer any questions. All right. Judge Agee, do you have any questions of Mr. Patel? Judge Winn, do you have any questions? No questions. All right. Thank you very much. Thank you. Mr. Patel, do you have anything you wish to say by way of rebuttal? I don't know if there is to rebut. I usually have a lot of words, but not today. Thank you. Okay. Well, I want to thank you both for being here, and it's an interesting case, and we wanted to give you the chance to explain your positions and to have the situation open for counsel if needed. All right, we thank you both, and we'll proceed directly into our next case. Thank you.
judges: J. Harvie Wilkinson III, G. Steven Agee, James Andrew Wynn